UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI SANA KABISA YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN K. BROADAUS, *et al.*,<br><br>Defendants. | No. 1:20-cv-00539-NONE-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS<br><br>(Doc. Nos. 9, 16) |

Plaintiff Zuri Sana Kabisa Young is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 20, 2020, the assigned magistrate judge entered findings and recommendations, recommending that plaintiff's application to proceed *in forma pauperis* (Doc. No. 9) be denied. (Doc. No. 16.) Plaintiff was given an opportunity to object to the findings and recommendations within fourteen days and belatedly filed objections on June 2, 2020. (Doc. No. 19.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

/////

1

Plaintiff objects on the grounds that "plaintiff does not have the federal strikes as alleged, pursuant to [28 U.S.C. § 1915]" and that the court cannot prove that "plaintiff's previous cases were dismissed for failure to state a claim upon which relief can be granted or failure to prosecute." (Doc. No. 19 at 1.) As an initial matter, the magistrate judge correctly found that three of plaintiff's prior cases have been dismissed for failure to state a claim upon which relief can be granted. (Doc. No. 16.) Further, in *Young v. Sumpter*, No. 2:05-cv-03653-CBM-E (C.D. Cal.), the district court dismissed plaintiff's case for failure to file an amended complaint, after the court had dismissed the original complaint for failure to state a claim with leave to amend. (*Id.*) The Ninth Circuit has held that when a "court dismisses a complaint on the ground that it fails to state a claim, . . . the court grants leave to amend, and . . . the plaintiff then fails to file an amended complaint, the dismissal counts as a strike." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017). Thus, the dismissal in *Younger v. Sumptner* is appropriately counted as a strike dismissal against plaintiff for purposes of 28 U.S.C. § 1915.

Accordingly, IT IS ORDERED that:

1. The findings and recommendations issued on April 16, 2020, (Doc. No. 16), are adopted in full;
2. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 9) is denied;
3. Plaintiff must pay the $400 filing fee in full within twenty-one days of the date of this Order; and
4. Failure to pay the filing fee will result in dismissal of this case.

IT IS SO ORDERED.

Dated:   **August 22, 2020**

_____
UNITED STATES DISTRICT JUDGE